RECORD NO. 11-4476

In The
# United States Court of Appeals
For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

v.

## GEORGE GUNTER,

*Defendant – Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT FLORENCE

───────────

**BRIEF OF APPELLANT**

───────────

**John Wesley Locklair**
**LOCKLAIR & LOCKLAIR, PC**
**2007 Lincoln Street**
**Columbia, South Carolina 29201**
**(803) 254-9007**

*Counsel for Appellant*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ..........................................................................1

ISSUES PRESENTED FOR REVIEW ................................................................3

STATEMENT OF THE CASE..............................................................................4

STATEMENT OF THE FACTS ...........................................................................5

SUMMARY OF THE ARGUMENTS ..................................................................7

ARGUMENT .........................................................................................................8

      STANDARD OF REVIEW ........................................................................8

CONCLUSION ....................................................................................................11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## **CASES**

Anders v. California,
 386 U.S. 738, 87 S. Ct. 1396 (1967) .................................................... 4, 10, 11

Dunn v. United States,
 284 U.S. 390, 52 S. Ct. 189 (1932) ................................................................. 9

United States v. Green,
 599 F.3d 360 (4th Cir), petitions for cert filed,
 ---U.S. ---, 131 S. Ct. 271 (2010) ................................................................... 9

United States v. Powell,
 469 U.S. 57, 105 S. Ct. 471 (1984) ................................................................. 9

## **STATUTES**

21 U.S.C. § 841(a)(1) ............................................................................................ 1, 5

21 U.S.C. § 841(b)(1)(A) ...................................................................................... 1, 5

21 U.S.C. § 846 ..................................................................................................... 1, 5

28 U.S.C. § 1291 ....................................................................................................... 2

## **STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION**

This is an appeal from a final judgment of the United States District Court, District of South Carolina, for a criminal prosecution pursuant to 21 U.S.C. § 841(a)(1); 841(b)(1)(A) and 846. Appellant was charged in Count one with conspiracy to possess with intent to distribute cocaine and cocaine base and in Count six with the distribution of cocaine base.

"A jury verdict of guilty as to count 1 was entered on December 2, 2010, conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine, Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(A) and 846." (Sentencing Transcript, p. 2, ll. 10-15).

Appellant was found not guilty as to Count six of the indictment. "We, the jury as to count 6, the charge of possession with intent to distribute grams or more of cocaine base, crack cocaine, unanimously find the defendant, George Gunter, not guilty. (Trial transcript of December 10, 2010, p. 7, ll. 7-12). Appellant was sentenced on April 27, 2011, to 151 months in prison. (Sentencing Transcript, p. 14, l. 1).

A Notice of Appeal was filed on April 27, 2011, and the Transmittal Sheet for Notice of Appeal was sent to this Court on April 28, 2011. (Docketing Statement – Entries 288 and 292). This Appeal followed.

1

Jurisdiction in the Court of Appeals is authorized pursuant to 28 U.S.C. § 1291.

## **ISSUES PRESENTED FOR REVIEW**

Whether there was an inconsistent verdict requiring reversal of Appellant's conviction.

## **STATEMENT OF THE CASE**

Appellant was found guilty of Count one, conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine. (Sentencing Transcript, p. 2, ll. 10-15). Appellant was found not guilty as to Count six of the indictment. (Trial transcript of December 10, 2010, p. 7, ll. 7-12). Appellant was sentenced on April 27, 2011, to 151 months in prison. (Sentencing Transcript, p. 14, l. 1).

A Notice of Appeal was filed on April 27, 2011, and the Transmittal Sheet for Notice of Appeal was sent to this Court on April 28, 2011. (Docketing Statement – Entries 288 and 292). This Appeal followed.

The question for review by this Court is whether there was an inconsistent verdict requiring reversal of Appellant's conviction. Counsel has reviewed the record and applicable law and has found no legal error, thus, counsel files this brief in compliance with Anders vs. California, 386 U.S. 738 (1967).

## **STATEMENT OF THE FACTS**

"A jury verdict of guilty as to count 1 was entered on December 2, 2010 to count 1, conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine, Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(A) and 846." (Sentencing Transcript, p. 2, ll. 10-15).

As to" the charge of possession with intent to distribute grams or more of cocaine base, crack cocaine, [the jury] unanimously [found] the defendant, George Gunter, not guilty." (Trial transcript of December 10, 2010, p. 7, ll. 7-12). Appellant was sentenced on April 27, 2011, to 151 months in prison. (Sentencing Transcript, p. 14, l. 1).

Upon the return of the verdict, the Court reviewed the verdict form and stated that " [w]ith regard to the verdict form, with regard to the amount, as to the conspiracy as a whole, it has 50 grams or more of cocaine base, five kilograms or more of cocaine, and on the amount attributable to George Gunter, it has no crack cocaine and no cocaine." (Trial transcript of December 10, 2010, p. 7, ll. 7-12). The Court then sent a note to the jury that "Your verdict as to count 1 is inconsistent. If you find the defendant guilty beyond a reasonable doubt as to count 1, then you must determine some amount of some drug attributable to him. However, if you find no drugs are attributable to him, as attributable to him is

5

explained both in the instructions and on the verdict form, then you must find him not guilty as to count 1." (Trial transcript of December 10, 2010, p. 13, ll. 17-24). The jury subsequently returned its guilty verdict as to Count one.

## SUMMARY OF THE ARGUMENTS

**ARGUMENT I**: Whether there was an inconsistent verdict requiring reversal of Appellant's conviction.

# **ARGUMENT**

## **STANDARD OF REVIEW**

Upon the jury reaching its verdict as to Count One of the jury, the trial judge requested counsel for both sides to approach and then stated that "[w]ith regard to the verdict form, with regard to the amount, as to the conspiracy as a whole, it has 50 grams or more of cocaine base, five kilograms or more of cocaine, and on the amount attributable to George Gunter, it has no crack cocaine and no cocaine. Does either of you have any position with regard to that?" (Trial transcript of December 10, 2010, p. 7, ll. 7-12).

Trial counsel then asserted that "it's inconsistent." (Trial transcript of December 10, 2010, p. 7, l. 13). The Court went on to say that "it would seem to the court that that would be inconsistent. And they also found him not guilty on count six." (Trial transcript of December 10, 2010, p. 7, ll. 16-18). Even the Assistant United States Attorney acknowledged it was an inconsistent verdict. (Trial transcript of December 10, 2010, p. 15, l. 19, p. 16, l. 25).

Counsel for Appellant asked "that you tell them if they find he did not possess and wasn't reasonable foreseeable, if they found all this, he can't be in the conspiracy." (Trial transcript of December 10, 2010, p. 9, ll. 22-25).

The Court indicated it would charge the jury, and subsequently did charge via note, "Your verdict as to count 1 is inconsistent. If you find the defendant

8

guilty beyond a reasonable doubt as to count 1, then you must determine some amount of some drug attributable to him. However, if you find no drugs are attributable to him, as attributable to him is explained both in the instructions and on the verdict form, then you must find him not guilty as to count 1." (Trial transcript of December 10, 2010, p. 13, ll. 17-24).

"[I]t has long been settled that inconsistent jury verdicts do not call into question the validity or legitimacy of the resulting guilty verdicts" United States v. Green, 599 F.3d 360, 369 (4th Cir), petitions for cert filed, ---U.S. ---, 131 S. Ct. 271 (2010). See also United States v. Powell, 469 U.S. 57, 64-65, 105 S. Ct. 471 (1984); Dunn v. United States, 284 U.S. 390, 393-394, 52 S. Ct. 189 (1932). The courts have reasoned that inconsistent verdicts "present a situation where 'error,' in the sense that it occurred, . . . it is unclear whose ox has been gored." Powell, 469 U.S. at 65, 105 S. Ct. 471.

In this case, the verdict form itself was inconsistent; however, the Court in Powell considered appellate intervention on inconsistent verdicts "where the jury acquits a defendant of a predicate felony, but convicts on the compound felony," which is similar to the case at hand. Id. at 67, 105 S. Ct. 471. The Court further stated that appellate courts should not infer innocence when a jury "through mistake, compromise, or lenity," returns and inconsistent verdict. Id. at 65, 105 S. Ct. 471.

9

While the jury initially filled out an inconsistent verdict form, the Court properly instructed the jury on the law. The jury then returned a valid verdict against Appellant as to Count one. Therefore, this issue is submitted under <u>Anders</u>, above.

## CONCLUSION

In accordance with the requirements of the United States Supreme Court in <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel for Appellant has reviewed the facts and legal issues of this case and are of the opinion that there are no legal issues that were not properly raised or disposed of by the trial court and that there are no grounds for an appeal in this case. A copy of this brief has been served on Mr. Gunter via U.S. Mail, and he has been advised of his right to make a *pro se* submission to the Court of Appeals.

                                                    Respectfully submitted,

                                                    <u>/s/ John Wesley Locklair</u>
                                                    John Wesley Locklair
                                                    Attorney for Appellant
                                                    Federal ID No. 7163
                                                    2007 Lincoln Street
                                                    Columbia, South Carolina  29201
                                                    (803) 254-9007
                                                    Counsel for Appellant Gunter

November 28, 2011
Columbia, South Carolina

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,420*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: November 28, 2011                                    /s/ John Wesley Locklair
                                                            *Counsel for Appellant*

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 28th day of November, 2011, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

| | |
|---|---|
| Alfred W.W. Bethea, Jr.<br>OFFICE OF THE U.S. ATTORNEY<br>Post Office Box 1567<br>Florence, South Carolina 29501<br>(843) 665-6688 | Robert F. Daley, Jr.<br>OFFICE OF THE U.S. ATTORNEY<br>1441 Main Street, Suite 500<br>Columbia, South Carolina 29201<br>(803) 929-3054 |
| *Counsel for Appellee* | *Counsel for Appellee* |

I further certify that on this 28th day of November, 2011, I caused the required number of bound copies of the Brief of Appellant to be hand-filed with the Clerk of the Court, and one copy of the Brief of Appeallant to be served, via U.S. Mail, postage prepaid, to the Appellant at the following address:

George Gunter, 20626-174
FCI Bennettsville
PO Box 52020
Bennettsville, SC 29512

*Appellant*

/s/ John Wesley Locklair
*Counsel for Appellant*